**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RAM SPV V, LLC**<br><br>**VERSUS**<br><br>**VOELKEL McWILLIAMS CONSTRUCTION, LLC AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND** | **CIVIL ACTION NO. 18-cv-7333**<br><br>**SECTION "__" MAG. DIV. __**<br><br>**DISTRICT JUDGE:**<br><br>**MAGISTRATE JUDGE:** |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes RAM SPV V, LLC, which avers as follows in support of its complaint:

**PARTIES**

**1.**

RAM SPV V, LLC ("Plaintiff" or "RAM") is a Delaware limited liability company, organized and existing as a limited liability company under the laws of the state of Delaware, with its principle place of business at 2900 S. Quincy Street, Suite 425, Arlington, VA 22206.

**2.**

Made defendant is Voelkel McWilliams Construction, LLC ("Voelkel McWilliams"), upon information and belief a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business at 4 St. Ann Dr., Mandeville, LA 70471.

**3.**

Made defendant is Fidelity and Deposit Company of Maryland ("F&D"), upon information and belief a Maryland company with its principal place of business at 1299 Zurich Way, Schaumburg, IL 60196, and doing business in Louisiana.

## FACTUAL BACKGROUND

**4.**

Voelkel McWilliams was the general contractor for the project known as the Pearl River High School, Renovations, St. Tammany Parish School Board Project No. 1410 ("Project"), located in Pearl River, Louisiana.

**5.**

In conjunction with the Project, Voelkel McWilliams obtained on March 21, 2016, a Labor and Material Payment Bond from F&D (Bond No. 09162037). A copy of the Payment Bond is attached as Exhibit "A".

**6.**

The Payment Bond secured payment to subcontractors and suppliers on the Project, including RAM.

**7.**

RAM entered into a Voelkel McWilliams Purchase Agreement ("Agreement") for the Project. The Agreement incorporated an Aries Building Systems, LLC ("Aries") proposal, as Aries is a sister company of RAM and had provided the original proposal, as well as the terms of an Aries Standard Lease Agreement. A copy of the Purchase Agreement is attached as Exhibit "B"; A copy of the Standard Lease Agreement is attached as Exhibit "C".

**8.**

The Agreement provided for a 30-month lease period for certain temporary portable buildings, and a 12-month lease period for a temporary locker building, with a lump-sum price for the lease period, including sales tax.

**9.**

The Agreement did not provide Voelkel McWilliams with the ability to terminate the lease period early or alter the Agreement's lump-sum amount, even if Voelkel McWilliams did not require the buildings for the full 30-month lease term.

**10.**

Notwithstanding the 30-month lease term, Voelkel McWilliams requested that Aries (a sister company to RAM that had a subcontract to install and dismantle the leased buildings) dismantle the buildings before the lease was up.

**11.**

Notwithstanding the early removal of the buildings, RAM informed Voelkel McWilliams that it still owed the lease balance and the amount of that balance, but Voelkel McWilliams refused to pay RAM the remaining amounts due under the Agreement, claiming that it only had to pay for the months it actually used the buildings on site.

**12.**

The General Terms and Conditions provide RAM with the right to accelerate all remaining lease payments if Voelkel McWilliams fails to pay any submitted invoices.

**13.**

RAM accelerated the lease payments because of Voelkel McWilliams' default and Voelkel McWilliams owes RAM the principal amount of $236,075.47 under the Agreement.

**14.**

Voelkel McWilliams also damaged the portable buildings beyond ordinary wear and tear during their use, which damage totals $17,725.

**15.**

RAM made amicable demand on Voelkel McWilliams and F&D, but has not received payment for the amount due and owing.

**JURISDICTION AND VENUE**

**16.**

Jurisdiction is proper pursuant to 28 U.S.C. §1332 in that there is complete diversity between plaintiff and all defendants and there is more than $75,000 in dispute.

**17.**

Venue is proper because the Project where the leased buildings were placed is located in St. Tammany Parish.

**BOND CLAIM**

**18.**

Based on the above facts, RAM has a claim against F&D under the Payment Bond.

**19.**

RAM leased the temporary buildings to Voelkel McWilliams for use on the Project for which F&D issued a payment bond.

**20.**

RAM concedes that it did not file a Louisiana Public Works Act ("Act") Statement of Amount Due on the Project; however, the Louisiana Supreme Court in *Pierce Foundations, Inc. v Jaroy Const. Inc.*, 190 So. 3d 298 (La. 2016), held that a subcontractor on a Louisiana Public Works Act project could still proceed against the general contractor with which the subcontractor had a direct contract and the bond on the project, even if the subcontractor did not provide notice or file a statement of amount due under the Act.

**21.**

While RAM is not a subcontractor on the Project, but a lessor of movables, it contracted directly with Voelkel McWilliams and the reasoning of *Pierce Foundations* would apply to provide RAM with a claim against F&D under the Bond.

**22.**

Prior to filing this lawsuit, RAM made amicable demand on F&D for the amounts owing under the Bond.

**23.**

F&D is liable under the Payment Bond for the full amount of RAM's claim of $236,075.47, plus interest.

**24.**

F&D is also liable for attorney's fees under La. R.S. 9:3902 should it not pay RAM before within 30 days of receiving the amicable demand because RAM was forced to hire an attorney to collect on the bond.

**25.**

Accordingly, F&D owes the principal sum of $236,075.47, plus interest and attorney's fees.

**BAD FAITH CLAIM AGAINST SURETY**

**26.**

La. R.S. 22:1973 provides that an insurer owes a duty of good faith and fair dealing and has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach, as well as a penalty not to exceed the greater of two times the damages sustained or five thousand dollars.

**27.**

F&D notice of RAM's claim, but failed to adjust that claim fairly and promptly or make a reasonable effort to settle RAM's claim. Accordingly, F&D is liable for damages and penalties pursuant to La. R.S. 22:1973.

**28.**

La. R.S. 22:1892 provides that insurers shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. Failure to make such payment within thirty days after receipt of satisfactory written proof of loss and demand therefore, if such failure is arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty in addition to the amount of the loss, of the greater of fifty percent damages on the amount found to be due or $1,000, as well as reasonable attorney's fees and costs.

**29.**

F&D received satisfactory written proof of loss, but failed to pay the amount of the claim then due within thirty days of receipt thereof. Accordingly, F&D is liable for penalties and attorney's fees under La. R.S. 22:1892.

**OPEN ACCOUNT**

**30.**

Based on the above facts, RAM has a claim against Voelkel McWilliams under La. R.S. 9:2781, as the Agreement created an open account because it is an account for which all or part of the balance is past due.

**31.**

RAM previously made a formal demand for payment to Voelkel McWilliams, but pursuant to La. R.S. 9:2781, service of this Complaint shall also constitute formal demand for payment of the amount prayed for under an open account.

**32.**

If Voelkel McWilliams fails to pay the outstanding balance within fifteen days after the date of service of this Complaint, Voelkel McWilliams shall be liable to RAM for the full amount due, $236,075.47, together with reasonable attorney fees.

**33.**

Voelkel McWilliams is liable to RAM for the unpaid amount under the Agreement, $236,075.47, as well as attorney's fees, because of the previous demand for payment that Voelkel McWilliams refused to pay.

**BREACH OF CONTRACT CLAIM**

**34.**

Based on the forgoing facts, Voelkel McWilliams is liable for breach of contract.

**35.**

Voelkel McWilliams executed the Purchase Agreement, which provided for a lump sum price for a 30-month lease of the temporary buildings for the Project.

**36.**

The Agreement does not allow Voelkel McWilliams to reduce the lease term or the lump sum price, even if Voelkel McWilliams determines it no longer requires the use of the temporary buildings.

**37.**

There exists a principal balance owed under the Agreement of $236,075.47, plus damages of $17,725, but Voelkel McWilliams refuses to pay the outstanding amount owed.

**38.**

Accordingly, Voelkel McWilliams owes the principal amount of $236,075.47 plus damages of $17,725 under the Agreement.

**ATTORNEY'S FEES**

**39.**

Based on the foregoing facts, RAM is entitled to recover from Voelkel McWilliams the amount of attorney's fees spent by RAM collecting from Voelkel McWilliams.

**40.**

Because the Agreement between RAM and Voelkel McWilliams constitutes an open account, La. R.S. 9:2781 provides RAM with the right to collect reasonable attorney's fees for the prosecution and collection of its claim.

**41.**

The General Terms and Conditions incorporated by reference into the Purchase Agreement provides that Voelkel McWilliams "will pay all costs and expenses, including reasonable attorney's fees, incurred by [RAM] in enforcing the any terms, covenants and indemnities" of the Agreement.

**42.**

Accordingly, Voelkel McWilliams is liable for reasonable attorney's fees incurred by RAM to collect the remaining amounts under the Agreement.

**43.**

RAM is also entitled to ten percent of its claim in attorney's fees from F&D under La. R.S. 9:3902, should F&D fail to pay the amount owed within 30 days of amicable demand.

**44.**

F&D is also liable for attorney's fees under La. R.S. 22:1892

**INTEREST**

**45.**

The Agreement incorporated by reference the Aries General Terms and Conditions, which provides for Interest at the rate of 1.5% per month for any unpaid amounts.

**46.**

RAM is also entitled to recover interest on its claims against defendants under Louisiana law pursuant to La Civil Code Article 2000, which provides that:

> When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500. The obligee may recover these damages without having to prove any loss . . . .

**47.**

Based on the foregoing, RAM is entitled to a judgment against defendants as follows:

A. $236,075.47 against Voelkel McWilliams, and F&D, in solido, which is the balance owed for lease payments under the Agreement;

B. $23,607.54 against F&D, which is the amount of attorney's fees under La. R.S. 9:3902;

C. An award of attorney's fees against Voelkel McWilliams under La. R.S. 9:2781 and the Agreement;

D. Damages and penalties to be proven at trial under La. R.S. 22:1973;

E. Penalties and Attorney's fees under La. R.S. 22:1892;

F. $17,725 against Voelkel McWilliams for the damages to the temporary buildings; and

G. Prejudgment and post-judgment interest on these amounts from date due until paid at the rate of 1.5% per month or, alternatively, the legal rate.

WHEREFORE, RAM SPV V, LLC prays for judgment herein in its favor against Voelkel McWilliams Construction, LLC, and Fidelity and Deposit Company of Maryland awarding RAM the above requested relief, plus pre-judgment and post-judgment interest, costs, attorney's fees and all other relief allowed by law.

Respectfully submitted,

/s/ Michael F. Weiner
MICHAEL F. WEINER (#23359)
**Michael F. Weiner, Attorney at Law, LLC**
527 E. Boston St., Suite 201
Covington, LA 70433
Telephone: (985) 875-7710
Facsimile: (985) 259-8816
Email: mweiner@mfweiner.com
**ATTORNEY FOR RAM SPV V, LLC**